*Nally, et al. v. Graham, et al.*

# Exhibit A to Plaintiffs' Complaint for Civil-Rights Violations

```
                                                      FILED
                                                U.S. DISTRICT COURT
              IN THE UNITED STATES DISTRICT COURT DISTRICT OF KANSAS
                    FOR THE DISTRICT OF KANSAS    SEP 19  11 44 AM '89

THE INDIAN LEADER ASSOCIATION, ET AL.,          RALP…        …
                                                BY
                    Plaintiffs,                    …       DEPUTY
                                                   AT TOPEKA, KS.
vs.                                    Case No. 89-4063-R

UNITED STATES DEPARTMENT OF THE INTERIOR,
ET AL.,
              Defendants.
```

### ORDER APPROVING SETTLEMENT AGREEMENT

NOW ON this 18th day of September 1989, the parties appear before the Court to announce a settlement of the claims of the Plaintiffs herein. The Plaintiffs appear through their attorney, Patrick R. Nichols; the Defendants appear through their attorney, David Cooper.

WHEREUPON, the parties announce to the Court that they have settled and resolved their differences, and entered into a settlement agreement in writing, which is appended hereto.

WHEREUPON, the Plaintiffs move orally to dismiss without prejudice all parties hereto, with the exception of Haskell Indian Junior College. The Court sustains said motion.

THEREUPON, the Court reviews the settlement agreement between the parties, guaranteeing the rights of free expression to the Indian Leader Association and the student journalist Plaintiffs, and find said agreement is valid, just and equitable. The Court approves the agreement.

Pursuant to paragraph 14 of the settlement agreement, the Plaintiffs move to dismiss the remaining party, Haskell Indian Junior College of the Bureau of Indian Affairs, subject to the provisions and terms of the settlement agreement. The Court sustains the motion and orders that the action be dismissed upon the terms of said motion.

The Court orders that hereafter the settlement agreement shall immediately bind the parties to all of its provisions and govern their conduct accordingly.

/s/ RICHARD D. ROGERS
Honorable Richard D. Rogers
United State District Judge

APPROVED:

*[signature: Patrick Nichols]*

Patrick R. Nichols
Attorney at Law
700 Jackson, Suite 703
Topeka, Kansas  66603
(913) 357-4050
Ks. S. Ct. No. 09396
Attorney for Plaintiffs

*[signature: David M. Cooper]*

David Cooper
Assistant United States Attorney
U.S. Department of Justice
444 S.E. Quincy
Topeka, Kansas  66603

-2-

## SETTLEMENT AGREEMENT

This Settlement Agreement is made between the Indian Leader Association, Marcel Stevens, Laurey Chapman, Ardina Glenn, Cynthia Grant, Tina Melton, Harvey Ross, Cordell Whitetree and Catherine Williams and Haskell Indian Junior College of the Bureau of Indian Affairs of the United States Department of Interior to settle and compromise issues before the United States District Court for the District of Kansas in Indian Leader Association v. United States Department of the Interior, Case No. 89-4063-R (filed March 30, 1989).

1. Parties to Settlement Agreement. The parties to this Settlement Agreement are the plaintiff, Indian Leader Association, an unincorporated student association which publishes The Indian Leader (the "Association"), and plaintiffs Marcel Stevens, Laurey Chapman, Ardina Glenn, Cynthia Grant, Tina Melton, Harvey Ross, Cordell Whitetree and Catherine Williams, individually and in their capacities as editors, reporters and representatives of the Association ("Plaintiffs"), and defendant Haskell Indian Junior College of the Bureau of Indian Affairs of the United States Department of the Interior ("Haskell"), which enters into this Settlement Agreement through the agency of Jim Baker, Acting President of Haskell.

Nothing in this Settlement Agreement shall have any bearing on the academic standing of the named plaintiffs or any member of the Indian Leader Association. Nor shall this Settlement Agreement bear on the eligibility of a student to serve as an officer of the Indian Leader Association under the college's rules governing extracurricular activities.

2. Student Editorial Control. The parties agree that the members of the Association and the Editorial Board of The Indian Leader have the right to editorial control of the contents of The Indian Leader newspaper as described in the attached Plan of Operation of the Indian Leader Association ("Plan of Operation").

3. No Prior Restraint or Censorship. Haskell agrees that no officer, agent, instructor or employee of Haskell shall:

(a) censor, edit or modify the contents of The Indian Leader newspaper in violation of the First Amendment of the United States Constitution;

(b) restrain, obstruct or prohibit the publication of The Indian Leader newspaper or otherwise inhibit the free expression of members of the Association in violation of the First Amendment of the United States Constitution; however, nothing in this Settlement Agreement shall prevent Haskell, the BIA, the Department of the Interior, or Congress from withdrawing any federal funding for The Indian Leader, or from disposing of the printing press on

1

the Haskell campus pursuant to the provisions of the Federal Property and Administrative Services Act or other applicable law;

(c) suspend the publication of The Indian Leader newspaper on the ground that a vacancy has arisen in the position of faculty adviser to the Indian Leader newspaper or the Association.

(d) refuse any written request for the disbursement of funds, reasonably related to the management or publication of The Indian Leader, from the Indian Leader Association Activity Fund, the Club Fund or any other Indian Leader Association account containing student monies in the Haskell Student Bank which is supported by a written resolution of the Editorial Board of The Indian Leader or the full membership of the Association finding "First Amendment Grounds for Funds Withdrawal by Students" as described in the attached Plan of Operation;

(e) refuse to approve a Plan of Operation for the Association substantially similar to the attached Plan of Operation, which is incorporated herein by reference and made an integral part hereof, and which shall be the Plan of Operation in effect for the 1989-1990 school year, or suspend the publication of The Indian Leader on the grounds that the Plan of Operation has not been approved; provided, that nothing in this Settlement Agreement shall prevent Haskell from establishing a journalism or communications department and incorporating The Indian Leader into the curriculum of such an academic program; that if such an academic program is established, Haskell and the members of The Indian Leader Association may revise the Plan of Operation of The Indian Leader Association to reflect incorporation of The Indian Leader under the curriculum of that program; provided further, that nothing in this Settlement Agreement is intended to prevent the members of The Indian Leader Association from adopting a Plan of Operation, or other organic operating charts or substantially dissimilar to the attached Plan of Operation; or

(f) have the right to excise any material from The Indian Leader on the grounds that it is either libelous or obscene.

4. Role of Faculty Adviser. The parties agree that the faculty adviser shall discharge his or her responsibilities consistent with the following guidelines:

(a) The faculty adviser to the Association may freely advise and instruct student editors and reporters in the subject of journalism and relevant professional standards, commend and critique the work product of student journalists, offer fiscal and technological guidance to the newspaper staff in business and production operations and provide whatever assistance to the newspaper and the student journalists the faculty adviser deems appropriate.

2

(b) A faculty adviser may make nonbinding recommendations to the student editors which they may, in their sole discretion, take into consideration in the free exercise of their independent editorial judgment.

(c) Although a faculty adviser of the Association may freely offer advice and assistance to student members of the Association, neither the faculty adviser nor any other Haskell officer or employee has the right to censor, edit or modify in any way the content of The Indian Leader.

(d) The faculty adviser is under an affirmative duty to facilitate the disbursement of such funds allocated to the Association as directed by the Editorial Board and the Association by majority vote, supported by written resolution, which are reasonably related to the management and publication of The Indian Leader.

(e) The faculty adviser shall, to the best of his or her ability, adhere to the ethical standards set forth in the attached Code of Ethics of College Media Advisers.

5. Responsibility of Student Journalists. Sole legal responsibility for the contents of The Indian Leader shall rest with the individual members of the Indian Leader Association as recognized in 25 C.F.R. § 42.3 (1988). No legal responsibility for the contents of The Indian Leader shall be imputed to Haskell or the faculty adviser, the Bureau of Indian Affairs or the United States Department of the Interior. Plaintiffs understand that they may be held personally accountable for the contents of The Indian Leader in a court of law, if those contents are libelous or obscene, or infringe copyrights or trademarks, or otherwise give rise to civil liability.

6. Newspaper Account in the Student Bank. Those monies which may be received or collected by Haskell on behalf of the Association, such as the Association's allocation of student activity fees, if any, shall be maintained in the Haskell Student Bank in strict compliance with the applicable rules contained in the Bureau of Indian Affairs Manual ("BIAM"), this section of the Settlement Agreement and the Plan of Operations. Such monies shall be:

(a) the subject of a separate accounting in the Haskell Student Bank and assigned a separate account number;

(b) the subject of a monthly account statement prepared by the Haskell Student Bank which shall be presented to the President of the Indian Leader Association; and

(c) disbursed in accordance with this Settlement Agreement and the attached Plan of Operations.

3

7. Off-Campus Bank Account. Those monies which are received, collected or raised off campus by the Association, without any intermediation by Haskell, may be deposited, at the election of the Association, in either the Student Bank account or in an off-campus account maintained at a local bank in Lawrence, Kansas. No disbursement from an off-campus bank account shall be made, however, without the signature of at least two officers of the Association on the draft drawn on such local bank. A copy of the monthly accounts of such off-campus bank account shall be published regularly in The Indian Leader. Nothing in this Settlement Agreement shall be read to prohibit Haskell from devising and implementing procedures for managing and accounting for on-campus revenue-raising activities of students.

8. Elections. As soon as possible following the execution of this Settlement Agreement, the President of the Association shall call a meeting of the membership of the Association for the purpose of electing the editors of The Indian Leader and the officers of the Association for the 1989-1990 academic year. This meeting shall be called within the first 30 days of the beginning of the fall 1989 semester at Haskell.

9. Control of Contributions for Subscriptions. Voluntary contributions made by individuals for subscriptions to The Indian Leader shall no longer be paid to the Haskell Indian Junior College Foundation and shall instead be paid directly to the Association Club Account in the Student Bank.

10. Waiver of Claims. This Settlement Agreement represents the final understanding between the parties concerning the resolution of the issues before the United States District Court for the District of Kansas in Indian Leader Association v. United States Department of Interior, Case No. 89-4063-R (filed March 30, 1989). All parties to this Settlement Agreement hereby release the others from any claims or causes of action, and the parties and their counsel agree not to initiate or cause to be initiated, any further proceedings between any of the parties or their counsel, or make any further requests regarding the facts of this case.

11. Covenant of Good Faith and Fair Dealing. The parties agree to interpret and implement this Settlement Agreement in good faith and with due regard for both the First Amendment rights of student journalists and the legitimate educational and administrative interests of Haskell. It is the central purpose of this Settlement Agreement to secure the regular publication of The Indian Leader free from any prior restraint or censorship. This Settlement Agreement is contingent upon the reciprocal performance of the specified obligations by all of the parties. In the event that any party acts in bad faith or breaches this Settlement Agreement, the aggrieved party shall be free to pursue appropriate legal remedies in a court of law. Nothing in this Settlement

4

Agreement shall be construed to restrict or limit the right of any of the parties to commence litigation if any party fails to comply with all of the terms and conditions of this Settlement Agreement.

12. Use of Printing Press. The parties agree that the use of the federally authorized printing press at Haskell is subject to the Government Printing and Binding Regulations published by the Joint Committee on Printing of the U.S. Congress. See 44 U.S.C. §§ 103, 501, 502.

13. Recognition of Mutual Rights. Any and all rights and responsibilities under this Agreement are set forth in recognition of the mutual rights of the defendant Haskell, and the rights of the students to free speech, press and expression. The Agreement recognizes various rights of Haskell hereunder to alter the Plan of Operation in conjunction with the student journalists (3)(e), to reduce or eliminate funding (3)(b), and to dispose of or sell the printing presses under various provisions of this Agreement (12). These rights may not be exercised by Haskell in response to, or as a result of, articles, photographs or any other content of The Indian Leader. Further, such actions may not legitimately be performed under this Agreement as a form of prior restraint, or otherwise as intended to limit or restrict the free expression of ideas or rights to the students as recognized in this Agreement. Any exercise by Haskell of the rights noted in this paragraph shall be done following notice to The Indian Leader Association, stating the action to be taken and the reasons therefor. Such notice shall be delivered to the editor-in-chief and posted on the Student Activities bulletin board at least thirty (30) days prior to any such contemplated action.

14. Signature and Court Approval. This Agreement shall be signed by all the parties named in Section 1 of this Settlement Agreement or their duly authorized representatives. This Settlement Agreement shall be submitted to the Honorable Richard D. Rogers, Judge for the United States District Court for the District of Kansas, for final approval and shall not become effective until such final approval is obtained. After such final approval has been obtained, the Plaintiffs shall agree to the dismissal without prejudice of the action against all named defendants except Haskell. The Settlement Agreement shall then immediately bind the remaining parties to all of its provisions, and a judgment of dismissal of the action, subject to the terms of the Settlement Agreement, shall then be jointly submitted to the court by the remaining parties.

IN WITNESS WHEREOF, the parties have caused this Settlement Agreement to be executed by their duly authorized representatives on this _____ day of _____, 1989.

5

THE INDIAN LEADER ASSOCIATION                HASKELL INDIAN JUNIOR COLLEGE

_____                    _____
MARICEL STEVENS                              JIM BAKEBAKE
Managing Editor and President                Acting President
The Indian Leader Association                Haskell Indian Junior College

_____                    _____
CYNTHIA GRANT                                DAVID M. COOPER
Student Journalist                           Assistant U.S. Attorney
                                               Counsel for the Defendant

_____
HARVEY ROSS
Student Journalist


_____
CORDELL WHITETREE
Student Journalist


_____
DARIO F. ROBERTSON
Counsel for Plaintiffs


_____
PATRICK R. NICHOLS
Counsel for Plaintiffs

6

THE INDIAN LEADER ASSOCIATION
Haskell Indian Junior College
Lawrence, Kansas 66046

PLAN OF OPERATION

I.  **NAME**

   The name of this organization is The Indian Leader Association and shall hereafter be referred to as the Association.

II.  **PURPOSE**

   The purpose of the Association is to produce The Indian Leader newspaper, an independent student publication, and the Haskell Yearbook. The Indian Leader newspaper will be produced and published approximately six times each semester and the Haskell Yearbook will be produced and published the spring semester of each school year. The Association will also maintain a separate account to accept funds and donations on behalf of the newspaper and for disbursing cash payments as incentives to students who contribute articles, photographs and illustrations to The Indian Leader.

   The Indian Leader is a nationally distributed Native American newspaper edited and published by students at Haskell Indian Junior College for the purpose of promoting the free and informed debate and discussion of (1) topics of special interest to Haskell students and alumni, (2) issues of special importance to Native Americans generally and (3) all newsworthy topics and public issues of general interest to American citizens.

   The Indian Leader is published by the students at Haskell Indian Junior College and the members of the Association in the exercise of their individual rights to free speech and freedom of the press guaranteed by the First Amendment of the United States Constitution. These fundamental First Amendment rights have been expressly recognized as rights which individual students enjoy who attend Bureau of Indian Affairs schools in Part 42 of Title 25 of the Code of Federal Regulations. Student Rights and Due Process Procedures, 25 C.F.R. § 42.3(e)-(f) (1988). These basic rights have also been reaffirmed in Part III of the Code of Student Rights and Responsibilities of Haskell Indian Junior College (1988).

   The Indian Leader Association is committed to improving the ability of Native Americans to determine their own destiny by providing an open public forum in which all concerned citizens, regardless of race, creed, color, sex, religion or national origin, might freely discuss the important public issues of the day. The members of the Association believe that by providing such a public forum, readers and contributors alike will improve their understanding of the true meaning of leadership, citizenship and democracy in contemporary American society through an open, honest

1

and fair-minded exchange of views.

III. MEMBERSHIP AND OFFICERS OF THE ASSOCIATION

    A.  General

To qualify as a member of the Association, an individual must:

    (a) be an enrolled student at Haskell Indian Junior College;

    (b) submit a news story, essay, proposed editorial, poem, short story, photograph or any other journalistic or literary work, not including advertisements, letters to the editor and notices, for publication in The Indian Leader, or participate in the production or circulation of The Indian Leader or the Haskell Yearbook.

    (c) receive written notice that the submission has been accepted for publication in The Indian Leader; and

    (d) inform the Association, orally or in writing, of an intention to become a member of the Association.

The Editor-in-Chief shall be responsible for keeping a current list of Association members and publishing said list at least once per semester in The Indian Leader.

In the event that any member fails to attend three consecutive meetings of the Association, without excuse, that person may be removed from the membership rolls of the Association by majority vote.

    B.  Officers

The officers of the Association shall include a President, Vice President, Treasurer and Secretary. The person elected President of the Association shall also serve as Editor-in-Chief of The Indian Leader and the person elected Vice-President shall also serve as Executive Editor of The Indian Leader.

Officers must maintain "academic good standing," as defined on page 35 of the Haskell Bulletin, 1988-1990, in order to receive a salary as specified in Appendix I containing the 1989-1990 Budget for The Indian Leader. Decisions made at duly convened meetings of the Association are binding on members.

All officers of the Association shall have taken or shall be currently enrolled in at least one course in English or Journalism at Haskell Indian Junior College at the time his or her term of office shall commence in order to be eligible to hold such office.

2

SEP 19 '88 8:59  U S A TOPEKA                    PAGE.09

The President shall be the Editor-in-Chief and shall be responsible for the general operation of the paper and the Association. The President shall pick up and distribute mail daily.

The Editor-in-Chief shall conduct regular and special meetings of student reporters, assign stories, edit manuscripts, oversee reporters and lay out The Indian Leader.

The Executive Editor shall assist the Editor-in-Chief in carrying out his or her assigned duties and shall succeed to the position of Editor-in-Chief in the event of a vacancy in that office prior to next regularly scheduled election.

The circulation manager shall (1) recommend to the printers the approximate number of issues of the newspaper to be published, (2) coordinate the distribution of issues on the day of publication, (3) maintain a current mailing list, (4) make additions, deletions, corrections and other appropriate changes in mailing list, (5) make labels or have labels made, (6) coordinate the process of labeling The Indian Leader for mailing, (7) keep a file of correspondence, and (8) make a weekly report, oral or written, to the Association.

Other positions in the Association shall be established upon the majority vote of the members of the Association. The Association shall make the guidelines and prescribe the duties of all new positions. Officers may be removed from office upon the vote of two-thirds of the members of the Association.

IV.  PARLIAMENTARY AUTHORITY

The rules contained in the current edition of Robert's Rules of Order Newly Revised shall govern the Association in all cases to which they are applicable and in which they are not inconsistent with this Plan of Operation and any special rules of order the Association may adopt.

V.  MEETINGS

Meetings of the Association shall be held weekly and will be open to all Haskell students and to the public.

At the beginning of each semester, the Association shall decide upon a day, time and place for such regular weekly meetings. Once the day, time and place has been decided by the Association and notice of such has been posted on the bulletin board at the Student Senate Building, no further notice shall be required for the Association to conduct business at such regular weekly meetings.

Any meeting of the Association not held on the day, time and

3

SEP 19 '88 9:00   U S A TOPEKA   PAGE.10

place of the regular weekly meeting may be properly convened only upon three days' prior written notice. Such notice shall be made to the Association by posting an announcement of the meeting on The Indian Leader Bulletin Board. This notice requirement shall apply to any meeting of the Association, other than regular meetings, ~~referenced in this Plan of Operation, including but not limited to~~ meetings mentioned in Sections III(B), VI and VIII(B) of this Plan of Operation.

A majority of the members of the Association shall constitute a quorum.

VI. EDITORIAL BOARD AND EDITORIAL CONTROL

The Editorial Board shall consist of the Association President and Editor-in-Chief, the Vice President and Executive Editor, Copy Editor, the Circulation Manager, and the Darkroom Manager. Other positions and members of the Editorial Board may be added by majority vote of either the Editorial Board or the members of the Association. A majority of the members of the Editorial Board shall constitute a quorum.

The Editorial Board shall have primary responsibility for and control of the editorial content of The Indian Leader. Day-to-day editorial decisions shall be made by the Editor-in-Chief, but any question of editorial policy may be put to the vote of the Board of Editors at any regular or special meeting of the Board of Editors.

In the event that the faculty adviser, any member of the Editorial Board or any member of the Association requests, prior to publication, a special review of any portion of an issue of The Indian Leader to determine whether it is libelous or obscene, the entire Editorial Board shall:

(a) carefully read and evaluate the identified material to determine whether it is libelous or obscene;

(b) seek the advice of the faculty adviser and, if possible, experts in the field of student press rights and the law of libel and obscenity, such as legal counsel and journalists designated by the Student Press Law Center in Washington, D.C., the Journalism Education Association or College Media Advisers; and

(c) consult, when appropriate, authoritative treatises for more detailed guidance in determining whether the identified material is libelous or obscene, such as:

(1) Louis E. Ingelhart, Freedom for the College Student Press (Westport, Conn.: Greenwood Press, 1985): 125-151 (on libel), 159-168 (on obscenity); and

(2) Student Press Law Center, Law of the Student Press

4

(Washington, D.C.: Student Press Law Center, 1985): 31-38 (on libel), 38-41 (on obscenity);

    (d) make a final, independent determination of whether to publish the identified material; and

    (e) report its determination to the faculty adviser within 24 hours following such decision.

Any student who has submitted an article for publication may withdraw that article prior to publication upon reasonable written notice to the Editor-in-Chief, provided that such withdrawal can be accomplished without a substantial delay in publication.

VII. FACULTY ADVISER

One or more faculty advisers may be appointed by Haskell Indian Junior College to assist students in the publication of The Indian Leader.

The faculty adviser to the Association may freely advise and instruct student editors and reporters in the subject of journalism and relevant professional standards, commend and critique the work product of student journalists, offer fiscal and technological guidance to the newspaper staff in business and productions operations and provide whatever assistance to the newspaper and the student journalists the faculty adviser deems appropriate.

A faculty adviser may make nonbinding recommendations to the student editors which they may, in their sole discretion, take into consideration in the free exercise of their independent editorial judgment.

Although a faculty adviser of the Association may freely offer advice and assistance to student members of the Association, neither the faculty adviser nor any other Haskell officer or employee has the right to censor, edit or modify in any way the content of The Indian Leader.

The faculty adviser is under an affirmative duty to facilitate the disbursement of such funds belonging to the Association as directed by the Editorial Board and the Association by majority vote, supported by written resolution, which are reasonably related to the management and publication of The Indian Leader.

The faculty adviser shall, to the best of his or her ability, adhere to the ethical standards set forth in the attached Code of Ethics of College Media Advisers.

The right of the Association to publish The Indian Leader shall not be conditioned upon the prior appointment of a faculty adviser by Haskell Indian Junior College. Consequently,

5

publication of The Indian Leader shall not be interrupted as a result of the inability or unwillingness of Haskell Indian Junior College to appoint a faculty adviser to work with the Association in the event of a vacancy in that position.

The faculty adviser has no power to refuse to facilitate the disbursement of funds reasonably related to the management and publication of The Indian Leader as determined by the Editorial Board or the Association by majority vote.

VIII. SALARIED POSITIONS OF THE INDIAN LEADER

    A. Officers With Salaries

Salaried positions in the Association shall be those of President, Vice President, Copy Editor, Circulation Manager, Darkroom Manager. The Typesetter shall also receive a salary.

    B. Assistant Officers

Assistant officers shall be elected by majority vote of the members of the Association at the beginning of the last semester prior to the graduation of each salaried officer of the Association. Such assistant officers shall serve as apprentices to the graduating officers for the purpose of receiving the necessary training and experience to assume the responsibilities of the graduating officer after commencement. The assistant officers shall assume the office and responsibilities of the graduating officers on the date of the next commencement at Haskell Indian Junior College following their appointment as assistant officers. Any office not so filled by an assistant officer shall be filled by majority vote of the members of the Association in a regular or special election.

IX. COMPENSATION AND AWARDS

Compensation and awards shall be as specified in this Section VIII.

Salaried positions shall be compensated according to the rates and amounts specified in Appendix I containing the 1989-90 Budget for The Indian Leader. Students holding salaried positions shall not be paid any other compensation specified in this section.

Student reporters shall be paid $1.25 per column inch for articles published. Student photographers shall be paid $5.00 for each photograph published. Student artists shall be paid an amount to be determined by majority vote of the Association for each published illustration or cartoon.

The amount and disbursement of monies for any type of contest sponsored by The Indian Leader must be approved by majority vote

of the Association.

X. ACCOUNTS

    A. Activity Fund

Any funds allocated to The Indian Leader Association from the student activity fee, paid by each student of Haskell Indian Junior College each semester, shall be deposited in The Indian Leader Association Activity Fund in the Student Bank. Other monies received or collected by Haskell on behalf of the Association shall also be deposited in that Activity Fund.

Any officer, editor or any other member of the Association or any currently enrolled student or alumnus of Haskell Indian Junior College may, upon written request, examine the records of account of The Indian Leader Association Activity Fund in the Student Bank and may obtain a copy of any such records of account at his or her own expense.

A summary of the records of account shall be published annually in The Indian Leader.

In the absence of a finding by the Association of "First Amendment Grounds for Funds Withdrawal by Students" as described in the following paragraph, withdrawal from the Indian Leader Association Activity Fund shall be made by a faculty adviser, supported by signatures from a student member of the Editorial Board and the Association President.

In the event that the Association or the Editorial Board passes by 2/3 (two-thirds) vote a resolution finding "First Amendment Grounds for Funds Withdrawal by Students," withdrawal from the Indian Leader Association Activity Fund shall be made by President of Haskell Indian Junior College, if the request is reasonably related to the management or publication of The Indian Leader, supported by the signatures of the Association President and another member of the Editorial Board. "First Amendment Grounds for Funds Withdrawal by Students" exist whenever Haskell Indian Junior College has failed to appoint at least one faculty adviser to the Association or whenever the Association, by 2/3 (two-thirds) vote, reasonably determines that a faculty adviser (1) is in any way obstructing the publication of The Indian Leader, (2) refuses to comply with requests from the Association or the editorial board for disbursements reasonably related to the management or publication of The Indian Leader, or (3) attempts in any way to censor, edit or modify the content of The Indian Leader.

Each withdrawal from The Indian Leader Association Activity Fund must be approved by a majority vote of the Editorial Board or the Association and supported by written resolution. Each such resolution must explain the purpose of every withdrawal of funds.

7

Receipts shall be collected within five (5) days following the disbursement of all funds. A full written accounting of any monies withdrawn pursuant to a resolution finding "First Amendment Grounds for Funds Withdrawal by Students" shall be given to a faculty adviser or, if there is no faculty adviser, to the President of Haskell Indian Junior College within five (5) days following the withdrawal transaction.

Nothing herein binds the federal government (or Haskell) to spend federal appropriated funds to publish The Indian Leader.

B. Club Fund

Money raised by members may, at the election of the Association, be deposited into a Club Fund at the Student Bank or in an off-campus account at a local bank in Lawrence, Kansas. Such money may be withdrawn for (1) student entertainment, (2) contracting outside services and (3) such other uses benefiting the Association as the Editorial Board may, in its sole discretion, determine to be necessary or appropriate.

In the absence of a determination by the Association of "First Amendment Grounds for Funds Withdrawal by Students" as described in the following paragraph, withdrawal from a Club Fund maintained at the Student Bank shall be made by faculty adviser, supported by signatures from any two student officers of the Association.

In the event that the Association or the Editorial Board passes by majority vote a resolution finding "First Amendment Grounds for Funds Withdrawal by Students," withdrawal from the Club Fund shall be made by the President of Haskell Indian Junior College, supported by the signatures of the Association President and another officer of the Association. "First Amendment Grounds for Funds Withdrawal by Students" exist whenever Haskell Indian Junior College has failed to appoint at least one faculty adviser to the Association or whenever the Association, by majority vote, reasonably determines that a faculty adviser (1) is in any way obstructing the publication of The Indian Leader, (2) refuses to comply with requests from the Association or the editorial board for disbursements reasonably related to the management or publication of The Indian Leader, or (3) attempts in any way to censor, edit or modify the content of The Indian Leader.

Each withdrawal from the Club Fund must be approved by a majority vote of the Editorial Board or the Association and supported by written resolution. Each such resolution must explain the purpose of every withdrawal of funds. Receipts shall be collected following the disbursement of all funds. A full written accounting of any monies withdrawn pursuant to a resolution finding "First Amendment Grounds for Funds Withdrawal by Students" shall be given to a faculty adviser or, if there is no faculty adviser, to the President of Haskell Indian Junior College within five (5)

8

SEP 19 '89 9:04 U S A TOPEKA         PAGE.15

days following the withdrawal transaction.

C. Contributions for Mailed Subscriptions

The Indian Leader shall be distributed free of charge to anyone interested in receiving a copy. Any person wishing to receive a mailed subscription to The Indian Leader will be asked to make a $5.00 contribution directly to The Indian Leader Association Activity Fund by check or money order. The next edition of the Haskell Bulletin shall be amended to provide for the payment of such $5.00 contributions directly into The Indian Leader Association Activity Fund, rather than the Haskell Foundation, a tax exempt organization which has not direct relationship with and provides no funding to The Indian Leader Association.

D. Off-Campus Bank Account

Those monies which are received, collected or raised off campus by the Association, without any intermediation by Haskell, may be deposited, at the election of the Association, in either the Student Bank account or in an off-campus account maintained at a local bank in Lawrence, Kansas. No disbursement from an off-campus bank account shall be made, however, without the signature of at least two officers of the Association on the draft drawn on such local bank. A copy of the monthly accounts of such off-campus bank account shall be published regularly in The Indian Leader.

9

APPENDIX I

## 1989-90 BUDGET FOR THE INDIAN LEADER

| Position | Salary | Times 12 Issues |
|---|---|---|
| Editor-in-Chief | $33.50 | 402.00 |
| Executive Editor | 33.50 | 402.00 |
| Copy Editor | 33.50 | 402.00 |
| Circulation Manager | 33.50 | 402.00 |
| Darkroom Manager | 33.50 | 402.00 |
| Typesetter | 33.50 | 402.00 |
| Assistant Circulation | 33.50 | 402.00 |
| Assistant Darkroom | 33.50 | 402.00 |
| Assistant Typesetter | 33.50 | 402.00 |
| Freelance Compensation | 500.00 (per sem.) | $1,000.00 (x2 sem.) |
| Miscellaneous | 300.00 (per sem.) | 600.00 (x2 sem.) |
| Travel Expense | 750.00 (per sem.) | 1,500.00 (x2 sem.) |
| **TOTAL** | $3,158.00 (per sem.) | $6,718.00 (x2 sem.) |

10

PLAN OF OPERATION APPROVAL

College Officials | Date Approved

_____        ___9/14/89___
PRESIDENT                              DATE

_____        _____
DIRECTOR OF STUDENT ACTIVITIES         DATE

___Kindall D. McHenry___               ___9-15-89___
STUDENT SENATE PRESIDENT               DATE

___Hannes Lambert___                   ___9/15/89___
SPONSOR                                DATE

Organization Officers                  Date Approved

___Marcel Stevens___                   ___9-14-89___
PRESIDENT                              DATE

___(POSITION VACANT)___                _____
VICE PRESIDENT                         DATE

___Harvey E Ross J.___                 ___15 Sept 89___
SECRETARY                              DATE

___Harvey E Ross J.___                 ___15 Sept 89___
TREASURER                              DATE

11