## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## KANSAS CITY-LEAVENWORTH DIVISION

| | |
|---|---|
| JARED NALLY and THE INDIAN LEADER ASSOCIATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>RONALD J. GRAHAM, in his individual and official capacity as President of Haskell Indian Nations University;<br><br>HASKELL INDIAN NATIONS UNIVERSITY;<br><br>TONY L. DEARMAN, in his official capacity as Director of the Bureau of Indian Education; and<br><br>THE BUREAU OF INDIAN EDUCATION,<br><br>*Defendants*. | Civil Case No. 21-2113-JAR/TJJ |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Ronald J. Graham, in his official capacity as President of Haskell Indian Nations University;[1] Haskell Indian Nations University; Tony L. Dearman in his official capacity as Director of the Bureau of Indian Education; and the Bureau of Indian Education; through undersigned counsel, answer Plaintiffs' Complaint for Civil-Rights Violations as follows:

## INTRODUCTION

---

[1] Ronald J. Graham will file a separate motion to dismiss the plaintiffs' First Amendment *Bivens* claims against him in his individual capacity under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

1.      The first sentence contains Plaintiffs' characterization of this action to which no answer is required, but insofar as one is deemed required, denied.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence, except to admit that Jared Nally is the editor-in-chief of the *The Indian Leader*.

2.      Defendants admit the first, second, third, and fourth sentences regarding the October 16, 2020 "Directive," which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Directive.  Defendants deny the fifth sentence except to the extent the allegations purport to quote or characterize correspondence indicating that the rescission was delayed due to an "administrative mishap," which correspondence speaks for itself and provides the best evidence of its content and meaning.  In addition, to the extent this paragraph contains conclusions of law to which no answer is required, such as a finding of protected activity or prior restraint, but insofar as one is deemed to be required, denied.

3.      Denied.

4.      Deny the first sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence and on that basis deny the allegations.   Admit the third sentence.

5.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence regarding Plaintiffs' motivations for bringing this action. The remaining allegations contain conclusions of law to which no answer is required, but insofar as one is deemed to be required, denied.

## JURISDICTION

6.      This allegation contains Plaintiffs' statement of the jurisdictional basis for this action, to which no answer is required.  Defendants do not dispute that jurisdiction is appropriate.

7.      This paragraph contains Plaintiffs' characterization of this action to which no answer is required.   Moreover, the paragraph is a statement of law, to which no response is required.

8.      This paragraph contains Plaintiffs' characterization of this action to which no answer is required.   Moreover, the paragraph is a statement of law, to which no response is required.

## VENUE

9.      This allegation contains Plaintiffs' statement of venue for this action, to which no answer is required.   Defendants do not dispute that venue is proper.

10.      This allegation contains Plaintiffs' statement of venue for this action, to which no answer is required.  Defendants do not dispute that venue is proper.

## THE PARTIES

**Plaintiffs**

11.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the identity of individual plaintiff Jared Nally and on that basis deny the allegations.

12.      Admitted.

13.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences concerning Plaintiff Jared Nally's role

and activities at *The Indian Leader* and on that basis deny those allegations.  Admit the fourth sentence.

14.     Admit the first sentence.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph concerning *The Indian Leader* and, on that basis, deny those allegations.

15.     Admitted.

**Defendants**

16.     Admit the first sentence to the extent Mr. Graham served as President of Haskell Indian Nations University at all times relevant to the allegations made in the Complaint.  The second sentence purports to quote or characterize the U.S. Department of the Interior Departmental Manual, which speaks for itself and provides the best evidence of its contents and meaning. Defendants deny any allegation inconsistent with the plain language, meaning, or context of the U.S. Department of the Interior Departmental Manual.  Deny the third sentence except to admit that President Graham exercised the authority of the federal government in carrying out his duties as President of Haskell Indian Nations University to the extent he acted within his authority.  The fourth sentence purports to quote or characterize the Complaint, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Complaint.

17.      Admit the first and second sentences.  The third and fourth sentences purport to quote or characterize the Haskell website, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Haskell website.

4

18.     Admit the first sentence.  The second and third sentences purport to quote or characterize Director Dearman's responsibilities and supervisory authority as set out in the Department of the Interior, Departmental Manual, 130 DM 8, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of 130 DM 8.  The fourth sentence purports to quote or characterize the Complaint, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Complaint.

19.     Admit the first, second, and third sentences.  The fourth sentence purports to quote or characterize 25 C.F.R. § 33.4 and the Indian Affairs Manual, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of 25 C.F.R. § 33.4 or the Indian Affairs Manual.  Admit the fifth sentence to the extent Mr. Graham acted in his official capacity and within the limits of his authority.

## FACTUAL ALLEGATIONS

20.     The first sentence purports to quote or characterize the settlement agreement, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the settlement agreement. The second sentence contains conclusions of law to which no answer is required, but insofar as one is deemed to be required, denied.

21.     The first sentence purports to quote or characterize Haskell's Code of Student Conduct, which speaks for itself and provides the best evidence of its contents and meaning.

Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Haskell's Code of Student Conduct.  Deny the remaining allegations in this paragraph.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis deny those allegations.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis deny those allegations.

24.     Admit knowledge of *Indian Leader Ass'n v. US. Dep't of the Interior*, No. 89-4063-R (D. Kan.). Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny those allegations.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis deny those allegations.

26.     Admitted.

27.     This paragraph purports to quote or characterize the 1989 Settlement Agreement, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the 1989 Settlement Agreement.

28.      This paragraph purports to quote or characterize the 1989 Settlement Agreement, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the 1989 Settlement Agreement.

29.     This paragraph purports to quote or characterize the 1989 Settlement Agreement, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants

deny any allegation inconsistent with the plain language, meaning, or context of the 1989 Settlement Agreement.

30.     This paragraph purports to quote or characterize the 1989 Settlement Agreement, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the 1989 Settlement Agreement.

31.     Denied.

32.     Deny except to admit that Haskell maintains a Code of Student Conduct.

33.     This paragraph purports to quote or characterize the Haskell Code of Student Conduct, which speaks for itself and provides the best evidence of its contents and meaning. Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Haskell Code of Student Conduct.

34.     This paragraph purports to quote or characterize the Haskell Code of Student Conduct, which speaks for itself and provides the best evidence of its contents and meaning. Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Haskell Code of Student Conduct.

35.     This paragraph purports to quote or characterize the Haskell Code of Student Conduct, which speaks for itself and provides the best evidence of its contents and meaning. Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Haskell Code of Student Conduct.

36.     The first sentence purports to quote or characterize the Haskell Code of Student Conduct, which speaks for itself and provides the best evidence of its contents and meaning. Defendants deny any allegation in the first sentence inconsistent with the plain language, meaning,

or context of the Haskell Code of Student Conduct.  The second and third sentence purport to quote or characterize Haskell's Office of Student Rights website, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegations in the second and third sentences inconsistent with the plain language, meaning, or context of Haskell's Office of Student Rights website.

37.     Admit the first sentence.  The second sentence purports to quote or characterize the Haskell Code of Student Conduct, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Haskell Code of Student Conduct.

38.     Deny the first sentence.  The second sentence purports to quote or characterize the Haskell Code of Student Conduct, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Haskell Code of Student Conduct.

39.     This paragraph purports to quote or characterize the Campus Expression policy, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Campus Expression policy.[2]

40.     This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

41.     This paragraph purports to quote or characterize the Campus Expression policy, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants

---

2       Defendants note that the Campus Expression policy has been amended since the time plaintiffs filed this complaint.

deny any allegation inconsistent with the plain language, meaning, or context of the Campus Expression policy.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny the allegations.

47.     Denied.

48.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny the allegations.

49.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny the allegations.

50.     The first sentence purports to quote or characterize an article published on April 13, 2020 in *The Indian Leader*, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence and on that basis deny the allegations.  The third sentence purports to quote or characterize an article in *The Indian Leader*, which speaks for itself and provides the best evidence of its contents and meaning.

51.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny the allegations.

52.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny the allegations.

53.     Deny except to admit that Nally emailed several inquiries to Vice President University Services Tonia Salvini.

54.     Admit Vice President Salvini was a member of the Community Police Review Board at all times relevant to the Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the remainder of this paragraph and on that basis deny the allegations.

55.     Denied.

56.     Deny the allegations in the first sentence except to admit that Nally voiced his concerns about Haskell's response to the census at a public meeting of the Community Police Review Board.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence and on that basis deny the allegations.

57.     Admit that President Graham's office received a personal grievance on or about October 9, 2020, which speaks for itself and provides the best evidence of its contents and meaning.

58.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny the allegations.

59.     Admitted.

60.     Admit the first sentence.  Deny the second sentence except to admit that Haskell announced that student fees for all students would be $715 for the upcoming fall 2020 semester. Admit the third sentence.  Deny the fourth sentence except to admit that students are responsible for paying $715 in student fees as well as their own housing and food.

61.     Deny except to admit that Nally recorded a conversation he had with a Haskell financial aid officer.

62.     This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

63.     This paragraph purports to quote or characterize an article published in *The Indian Leader* on July 10, 2020, which speaks for itself and provides the best evidence of its contents and meaning.

64.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence, except to admit that Haskell's administration required faculty to cease their roles as advisers to student organizations for the remainder of the summer 2020 term.  Admit the second sentence.

65.     Denied.

66.     Denied.

67.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny the allegations.

68.     Admit that Nally and *The Indian Leader* attempted to remove Falleaf as adviser and continue to operate without an adviser, but deny remaining allegations except to the extent they purport to quote or characterize the 1989 Settlement Agreement, which speaks for itself and provides the best evidence of its contents and meaning.

69.     Deny except to admit that *The Indian Leader* Association attempted to alter its 2020-21 Plan of Operations.

70.     This paragraph purports to quote or characterize the 2020-21 Plan of Operations, which speaks for itself and provides the best evidence of its contents and meaning.

71.     This paragraph purports to quote or characterize the 2020-21 Plan of Operations, which speaks for itself and provides the best evidence of its contents and meaning.

11

72.     Denied.

73.     Admitted.

74.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny the allegations.

75.     Admitted.

76.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny the allegations.

77.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny the allegations.

78.     Deny the first sentence except to admit that Nally emailed the local police on October 5, 2020, requesting information.  The second sentence purports to quote or characterize Nally's email to the Lawrence Police Department, which speaks for itself and provides the best evidence of its contents and meaning.

79.     This paragraph purports to quote or characterize a story published in *The Indian Leader* on October 9, 2020, which speaks for itself and provides the best evidence of its contents and meaning.

80.     Denied.

81.     Admit that President Graham emailed Nally a formal, written memorandum on official letterhead from the Office of the President addressed to Nally, dated October 16, 2020, with the subject heading "***Directive***."  The second sentence purports to quote or characterize the Directive, which speaks for itself and provides the best evidence of its contents and meaning. Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Directive.

82.     This paragraph purports to quote or characterize the Directive, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Directive.

83.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny the allegations.

84.     This paragraph purports to quote or characterize the Directive, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Directive.

85.     This paragraph purports to quote or characterize the Directive, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Directive.

86.     This paragraph purports to quote or characterize the Directive, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Directive.

87.     This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

88.     This paragraph purports to quote or characterize the Directive, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Directive.

89.     This paragraph purports to quote or characterize the Directive, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Directive.

90.     This paragraph purports to quote or characterize the Directive, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Directive.  In addition, to the extent this paragraph contains conclusions of law to which no answer is required, such as a finding of a prior restraint, but insofar as one is deemed to be required, denied.

91.     This paragraph contains conclusions of law to which no answer is required, such as a finding of a prior restraint on a protected activity, but insofar as one is deemed to be required, denied.

92.     This paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.

93.     This paragraph purports to quote or characterize the Code of Student Conduct, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Code of Student Conduct.

94.     Denied, except to admit that President Graham did not file an Incident Report with the Office of Student Rights about Nally's activities.

95.     This paragraph purports to quote or characterize the Code of Student Conduct, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Code of Student Conduct.

96.     This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

97.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny the allegations.

98.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the paragraph and on that basis deny the allegations.

99.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the paragraph and on that basis deny the allegations.

100.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the paragraph and on that basis deny the allegations.

101.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the paragraph and on that basis deny the allegations.

102.     Admitted.

103.     Admitted.

104.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the paragraph and on that basis deny the allegations.

105.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the paragraph and on that basis deny the allegations.

106.     Deny the first sentence.  Deny the second sentence except to admit that Director Dearman and BIE referred the matter to BIE's human resources department.

107.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the paragraph and on that basis deny the allegations.

108.     This paragraph purports to quote or characterize the Haskell Indian Nations University Policies for the Student Bank, which speaks for itself and provides the best evidence of

its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Haskell Indian Nations University Policies for the Student Bank.

109.   Admitted.

110.   Admit that *The Indian Leader* contacted Haskell Student Bank administrator Jeri Sledd regarding their Student Bank account during the spring and summer 2020 terms, which correspondence speaks for itself and provides the best evidence of its contents and meaning. Defendants deny any allegation inconsistent with the plain language, meaning, or context of that correspondence.

111.   Deny except to admit that Sledd responded to emails regarding *The Indian Leader*'s payroll.

112.   Denied.

113.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the paragraph and on that basis deny the allegations.

114.   Deny except to admit that Nally submitted *The Indian Leader* Association's 2020-21 Plan of Operations to Jeri Sledd.

115.   Admit that Sledd received an email from Nally on September 10, 2020.  This paragraph purports to quote or characterize this correspondence, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of that correspondence.

116.   Admit that Sledd received an email from Nally on October 18, 2020.  This paragraph purports to quote or characterize this correspondence, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of that correspondence.

117.    Admitted.

118.    Admit that Sledd received an email from Nally regarding *The Indian Leader*'s Student Bank account on January 8, 2021, which email speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of that email.

119.    Admit that Sledd sent Nally an email on January 11, 2021, which email speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of that email.

120.    Admit that Nally received an email containing an accounting of *The Indian Leader* Association's Student Bank Account, which email speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of that email.

121.    Deny, except to admit that Haskell sent Nally an accounting of *The Indian Leader*'s Student Bank account.

122.    Denied.

123.    Admitted.

124.    Admitted.

125.    This paragraph purports to quote or characterize the 1989 Settlement Agreement, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the 1989 Settlement Agreement.

126.    This paragraph purports to quote or characterize the Plan of Operations, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Plan of Operations.

127.    Denied.

128.    Admit that Haskell has not contacted *The Indian Leader* Association regarding any changes to its allocation of Student Activity Fees.

129.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the paragraph and on that basis deny the allegations.

130.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the paragraph and on that basis deny the allegations.

131.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the paragraph and on that basis deny the allegations.

132.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the paragraph and on that basis deny the allegations.

133.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the paragraph and on that basis deny the allegations.

134.    Deny that Haskell withheld funds or denied *The Indian Leader* access to its Student Bank Account.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the paragraph and on that basis deny those allegations.

135.    Deny that Haskell has prevented *The Indian Leader* from buying podcasting equipment.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the paragraph and on that basis deny those allegations.

136.     Deny that Haskell withheld funds or denied *The Indian Leader* access to its Student Bank Account.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the paragraph and on that basis deny those allegations.

137.     Admit that President Graham received a letter on October 26, 2020, from The Foundation for Individual Rights in Education ("FIRE"), the Native American Journalists Association ("NAJA"), and the Student Press Law Center ("SPLC"), which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of that letter.

138.     This paragraph purports to quote or characterize the coalition letter dated October 26, 2020, which speaks for itself and provides the best evidence of its contents and meaning.

139.     Deny except to admit that a response was not provided by November 2, 2020.

140.     Admit that Jennifer Wiginton emailed FIRE Program Officer Lindsie Rank on January 13, 2021, which email speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of that email.

141.     Admit that President Graham sent an email to Nally on January 13, 2021, which email speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of that email.

142.     Admit that President Graham received a letter on January 19, 2021 from FIRE, NAJA, and SPLC, which letter speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of that letter.

143.    This paragraph purports to quote or characterize the January 19, 2021 coalition letter, which speaks for itself and provides the best evidence of its contents and meaning.

144.    This paragraph purports to quote or characterize the January 19, 2021 coalition letter, which speaks for itself and provides the best evidence of its contents and meaning.

145.    This paragraph purports to quote or characterize the January 19, 2021 coalition letter, which speaks for itself and provides the best evidence of its contents and meaning.

146.    Deny, except to admit that Wiginton replied to FIRE on January 19 regarding the January 19, 2021 coalition letter, which reply speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of that reply.

147.    Admitted.

148.    Deny except to admit that an updated copy of the Code of Student Conduct was uploaded to Haskell's website.  The website speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of website.

149.    This paragraph purports to quote or characterize Haskell's Office of Student Rights website, which speaks for itself and provides the best evidence of its contents and meaning.

150.    Denied.

## INJURY TO PLAINTIFFS

151.    Defendants here incorporate their above responses to paragraphs 1 through 150 of the Complaint.

152.    The first sentence contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.   Defendants lack knowledge or information sufficient

to form a belief about the truth of the remaining allegations in the paragraph and on that basis deny those allegations.

153.    The first sentence contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in the paragraph and on that basis deny those allegations.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Deny the first sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and on that basis deny those allegations.

159.    Denied.

160.    Deny except to admit that President Graham rescinded the Directive, and that Nally remains a student subject to the Student Code of Conduct.

161.    Denied.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

## FIRST CAUSE OF ACTION

### FIRST AMENDMENT RETALIATION AGAINST NALLY
### Unlawful Action Under 5 U.S.C. § § 701-706 and the First Amendment

172.    Defendants here incorporate their above responses to the paragraphs 1 through 171 of the Complaint.

173.    This paragraph contains Plaintiffs' characterization of this action to which no answer is required, but insofar as one is deemed required, denied.

174.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny the allegations. In addition, to the extent this paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed to be required, denied.

175.    The first sentence contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied. The second sentence purports to quote or characterize the case, *Branzburg v. Hayes*, 408 U.S. 665 (1972), which speaks for itself and provides the best evidence of its contents and meaning.

176.    The first sentence contains conclusions of law to which no answer is required, but insofar as one is deemed required, denied. The second sentence purports to quote or characterize the cases, *Bridges v. California*, 314 U.S. 252 (1941), and *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), which speak for themselves and provide the best evidence of their contents and meaning.

177.   Denied.  In addition, to the extent this paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed to be required, denied.

178.   Denied.

179.   Denied.

180.   Denied.

181.   Denied.

182.   Deny, except to admit that Director Dearman was copied on the Directive and referred Nally's complaint to the Bureau of Indian Education Human Resources.

183.   Deny, except to admit that Nally's complaint was referred to an internal investigative process.

184.   Denied.

185.   This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

186.   Deny the first sentence, except to admit that the Directive was rescinded by President Graham.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and on that basis deny the allegations.

187.   To the extent this paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed to be required, denied.

188.   To the extent this paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed to be required, denied.

## SECOND CAUSE OF ACTION

### FIRST AMENDMENT RETALIATION AGAINST THE INDIAN LEADER ASSOCIATION-- Unlawful Action Under 5 U.S.C. § § 701-706 and the First Amendment

189.    Defendants here incorporate their above responses to paragraphs 1 through 188 of the Complaint.

190.    This paragraph contains Plaintiffs' characterization of this action to which no answer is required, but insofar as one is deemed required, denied.

191.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny the allegations.

192.    This paragraph purports to quote or characterize the cases, *Richmond Newspapers v. Virginia*, 448 U.S. 555 (1980); *Branzburg v. Hayes*, 408 U.S. 665 (1972); and *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), which speak for themselves and provide the best evidence of their contents and meaning.

193.    This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.  This paragraph purports to quote or characterize the cases, *Koala v. Khosla*, 931 F.3d 887, 905 (9th Cir. 2019); *Stanley v. Magrath*, 719 F.2d 279, 282 (8th Cir. 1983), which speak for themselves and provide the best evidence of their contents and meaning.

194.    Deny the first sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence and on that basis deny the allegations.  Deny the third sentence.

195.    Denied.

196.    Denied, except to admit that the Student Bank is subject to the authority of Director Dearman and the BIE.

197.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny the allegations.

198.    Denied.

199.    Denied.

200.    This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

201.    Denied.

202.    To the extent this paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed to be required, denied.

203.    To the extent this paragraph contains conclusions of law to which no answer is required, but insofar as one is deemed to be required, denied.

### THIRD CAUSE OF ACTION

### FIRST AMENDMENT RETALIATION AGAINST PLAINTIFFS
### Claim for Damages Under *Bivens*
### Against President Graham in His Individual Capacity

Concurrent with this Answer, Dr. Graham, in his individual capacity, will file a Motion to Dismiss and Memorandum in Support regarding the *Bivens* claims alleged in the third cause of action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

### FOURTH CAUSE OF ACTION

### OVERBREADTH CHALLENGE TO THE CAMPUS EXPRESSION POLICY--
### Unlawful Action Under 5 U.S.C. § § 701-706 and the First Amendment

218.    Defendants here incorporate their above responses to paragraphs 1 through 217 of the Complaint.

219.    This paragraph contains Plaintiffs' characterization of this action to which no answer is required, but insofar as one is deemed required, denied.

220.    This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

221.    This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

222.    This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

223.    This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

224.    This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

225.    This paragraph purports to quote or characterize the case, *Snyder v. Phelps*, 562 U.S. 443 (2011), which speaks for itself and provides the best evidence of its contents and meaning.

226.    This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

227.    Admitted.

228.    Denied.

229.    Deny, except to admit that Haskell uploaded a revised "Spring 2021-Fall 2021 Student Code of Conduct."  In addition, Haskell issued a revised Code of Conduct on or about May 20, 2021, following Plaintiffs request for a preliminary injunction.

230.    This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

231.    This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

232.    This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

233.    This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

234.    This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

235.     This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

## FIFTH CAUSE OF ACTION

### VAGUENESS CHALLENGE TO CODE OF CONDUCT
### Unlawful Action Under 5 U.S.C. § § 701-706 and the First and Fifth Amendment

236.    Defendants here incorporate their above responses to paragraphs 1 through 235 of the Complaint.

237.    This paragraph contains Plaintiffs' characterization of this action to which no answer is required, but insofar as one is deemed required, denied.

238.    This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

239.    This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

240.    This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

241.    This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

242.     Deny, except to admit that respect is one of the CIRCLE values stated in the Code of Student Conduct.

243.     Admitted.

244.     Denied.

245.     Deny, except to admit that Haskell uploaded a revised "Spring 2021-Fall 2021 Student Code of Conduct."

246.     This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

247.     This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

248.     This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

249.     This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

250.     This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

251.     This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

## SIXTH CAUSE OF ACTION

### VIOLATION OF DUE PROCESS
### Unlawful Action Under 5 U.S.C. § § 701-706 and the Fifth Amendment

252.     Defendants here incorporate their above responses to paragraphs 1 through 251 of the Complaint.

253.     This paragraph contains Plaintiffs' characterization of this action to which no answer is required, but insofar as one is deemed required, denied.

254.     This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

255.     Denied, except to admit that President Graham issued Nally the Directive.

256.     Denied.

257.     This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

258.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny the allegations.

259.     Denied.

260.     This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

261.     This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

262.     This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

263.     This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

264.     This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

265.     This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF 1989 SETTLEMENT AGREEMENT**
**Unlawful Agency Action Under 5 U.S.C. § § 701-706**

266.    Defendants here incorporate their above responses to paragraphs 1 through 265 of the Complaint.

267.    This paragraph purports to quote or characterize the 1989 Settlement Agreement, which speaks for itself and provides the best evidence of its contents and meaning.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the 1989 Settlement Agreement.

268.    Admitted.

269.    Denied.

270.    Denied.

271.    Denied.

272.    This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

273.    This paragraph contains Plaintiffs' statement of the court's authority over the 1989 Settlement Agreement, to which no answer is required.

274.    This paragraph contains a conclusion of law to which no answer is required, but insofar as one is deemed required, denied.

The remaining paragraphs sets forth Plaintiffs' request for relief to which no answer is required, but insofar as an answer is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief at all.

## DEFENSES

Without limiting or waiving any defenses available, Defendants hereby assert the following defenses:

1.      Sovereign immunity bars Plaintiffs' claims except to the extent that Defendants have expressly waived such immunity.

2.      The Plaintiffs' First Amendment *Bivens* claim against Dr. Graham is barred, in whole or in part, under the defense of qualified immunity in that there is no clearly established constitutional right which was violated.

3.      At all times, Defendants made good faith efforts to comply with all applicable state and federal laws.

4.      The Complaint, and each cause of action alleged therein, fails to state facts or a claim sufficient to constitute a cause of action for which Plaintiffs are entitled to relief.

5.      Under the doctrine of constitutional standing, the Plaintiffs have failed to establish the required satisfaction demonstrating a personal stake in the outcome of the controversy, including (1) a concrete and particularized injury-in-fact, either actual or imminent, (2) a causal connection between the injury and defendants' challenged conduct, and (3) a likelihood that the injury suffered will be redressed by a favorable decision.

6.      Plaintiffs have failed to show that any harm actually occurred or is impending.

7.      The actions under review, including but not limited to, the Directive and the Code of Student Conduct, have been superseded by later agency action thereby rendering the stated claim(s) moot, as there no longer exists an actual controversy or adverse legal interest, and subsequent events have occurred that make it absolutely clear that the alleged wrongful behavior could not reasonably be expected to recur.

31

8.    Plaintiffs have failed to mitigate the damages allegedly incurred.

9.    Defendants hereby reserve the right to plead all other affirmative defenses or any applicable state and federal statutes, which it learns may be applicable or appropriate hereafter or during the course of discovery.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants request that the Court dismiss Plaintiffs' Complaint and for such other relief as this Court deems just and proper.

Respectfully submitted,

DUSTON J. SLINKARD
Acting United States Attorney
District of Kansas

 s/ Terra D. Morehead
Terra D. Morehead
Assistant United States Attorney
Ks.S.Ct. No. 12759
500 State Ave., Suite 360
Kansas City, KS 66101

Tele: (913) 551-6730
Fax: (913) 551-6541
E-mail: terra.morehead@usdoj.gov

 s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney
Ks.S.Ct.No. 14225
500 State Avenue, Suite 360
Kansas City, Kansas 66101
Tele: (913) 551-6730
Fax: (913) 551-6541
Email: chris.allman@usdoj.gov
Attorneys for the Defendants

<u>CERTIFICATE OF SERVICE</u>

I further certify that on June 1, 2021, the foregoing document and the notice of electronic filing were served by using the CM/ECF system which will send a notice of electronic filing to all CM/CMECF participants for this case.

*s/ Terra D. Morehead*
Terra D. Morehead
Assistant United States Attorney
