# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JARED NALLY and<br>THE INDIAN LEADER ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>TAMARAH PFEIFFER, in her official capacity as the Acting President of Haskell Indian Nations University,[1]<br><br>HASKELL INDIAN NATIONS UNIVERSITY,<br><br>TONY L. DEARMAN, in his official capacity as Director of the Bureau of Indian Education, and<br><br>BUREAU OF INDIAN EDUCATION,<br><br>Defendants. | No. 21-2113-JAR-TJJ |

## FEDERAL DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' PLAINTIFFS' FIRST, FOURTH, FIFTH, SIXTH, AND SEVENTH CLAIMS UNDER FED. R. CIV. P. 12(b)(1) OR 12(b)(6)

Defendants Tamarah Pfeiffer, in her official capacity as the Acting President of Haskell Indian Nations University, Tony L. Dearman, in his official capacity, and Bureau of Indian Education, by and through Duston J. Slinkard, Acting United States Attorney for the District of Kansas, and Christopher Allman and Terra Morehead, Assistant United States Attorneys for the

---

[1]  Dr. Ronald Graham is no longer the President of Haskell Indian Nations University. Tamarah Pfeiffer became the Acting President of Haskell Indian Nations University on May 7, 2021. *See* University Administration | Haskell Indian Nations University.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Tamarah Pfeiffer, in her official capacity as the Acting President of Haskell Indian Nations University, should be substituted for Dr. Graham in his official capacity as the former President of Haskell Indian Nations University as a defendant in this suit.

District of Kansas, seeks dismissal of the first, fourth, fifth, sixth, and seventh causes of actions

for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) as they are now moot or for

lack of standing[2] or for failure to state a claim under Rule 12(b)(6) for the reasons set forth in the

Memorandum in Support of this motion, which is incorporated by reference.

<div style="margin-left:40%">

Respectfully submitted,


DUSTON J. SLINKARD
Acting United States Attorney
District of Kansas

*s/ Terra D. Morehead*
Terra D. Morehead
Assistant United States Attorney
Ks. S. Ct. No. 12759
500 State Ave., Suite 360
Kansas City, KS 66101
Tele: (913) 551-6730
Fax: (913) 551-6541
Email: terra.morehead@usdoj.gov

s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney

</div>

---

[2] If the Court dismisses any claims for lack of constitutional standing, those claims should be dismissed for lack of jurisdiction under Rule 12(b)(1). *See Budicak, Inc. v. Lansing Trade Grp., LLC*, 452 F. Supp. 3d 1029, 1043 (D. Ks. 2020) (a plaintiff's lack of constitutional standing "is properly challenged by a Rule 12(b)(1) motion because a party's standing implicates subject-matter jurisdiction.") (footnote/citation omitted); *Marquez v. Lish*, No. 17-CV-02538-WJM-MEH, 2019 WL 2085357, at *2 (D. Colo. May 13, 2019) ("Dismissal for lack of constitutional standing should be granted under Rule 12(b)(1).") (*citing VR Acquisitions, LLC v. Wasatch Cty*., 853 F.3d 1142, 1146 n.4 (10th Cir. 2017) (*citing Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011)). In contrast, if the Court dismisses Plaintiffs' claims for lack of prudential standing, it should dismiss those claims under Rule 12(b)(6). *See Hartnett v. Farm Serv. Agency , United States Dep't of Agric*., No. 18-CV-01045-EFM-GEB, 2018 WL 2971692, at *4 (D. Kan. June 12, 2018) ("The Tenth Circuit has not decided whether it is appropriate to dismiss a complaint under Rule 12(b)(6), rather than Rule 12(b)(1), when the plaintiff lacks prudential standing. However, 'such standing isn't jurisdictional,' so the majority of courts 'have concluded that dismissals under Rule 12(b)(6) for lack of prudential standing are appropriate.'") (footnotes/citations omitted).

Ks. S. Ct. No. 14225
500 State Avenue, Suite 360
Kansas City, Kansas 66101
Tele: (913) 551-6730
Fax: (913) 551-6541
Email: chris.allman@usdoj.gov

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2021, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of filing to all CM/CMECF participants for this case.

s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney