IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY-LEAVENWORTH DIVISION

| | |
|---|---|
| JARED NALLY, ET AL.,<br><br>*Plaintiffs*,<br><br>v.<br><br>TAMARAH PFEIFFER, ET AL.,<br><br>*Defendants*. | Civil Action No. 21-2113<br><br>**PLAINTIFFS' REPLY WITHDRAWING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION ON CLAIMS 4 AND 5** |

Under D. Kan. Local Rule 6.1(d) and this Court's June 30, 2021, order, *see* ECF No. 25, Plaintiffs Jared Nally and the Indian Leader Association respectfully submit this Reply Withdrawing Plaintiffs' Motion for Preliminary Injunction on Claims Four and Five. Plaintiffs respectfully withdraw their Motion for Preliminary Injunction as moot and request that the Court cancel the hearing on that motion currently scheduled for 10:00 a.m. on September 16, 2021.

**ARGUMENT**

After filing this lawsuit, Plaintiffs moved for a preliminary injunction on Claims 4 and 5, which challenge Defendants' Campus Expression Policy as unconstitutionally overbroad and vague. Just one day later, Defendants adopted a new Code of Student Conduct and rescinded the challenged policy.

Now, Defendants point to this post-litigation policy change to argue that not only is Plaintiffs' motion for a preliminary injunction moot, but that Claims 4 and 5 are also moot. Insofar as Defendants are not currently enforcing the challenged Campus Expression Policy, Plaintiffs' motion for preliminary relief under Fed. R.

1

Civ. P. 65 has been mooted. But Plaintiffs contest Defendants' assertion that Claims 4 and 5 are now rendered moot. Under well-settled law, Defendants cannot escape judicial scrutiny with this reversible, eleventh-hour policy change after litigation has commenced.

## I. After Plaintiffs Sue and Move for a Preliminary Injunction, Defendants Revoke Campus Expression Policy.

On March 2, 2021, Plaintiffs filed their Complaint alleging seven claims against Defendants, including facial challenges to Defendants' Campus Expression Policy. Compl., ECF No. 1. On May 12, Plaintiffs' counsel advised Defendants' counsel that Plaintiffs intended to move for a preliminary injunction against the Campus Expression Policy as unconstitutionally overbroad and vague. Then, just one day after Plaintiffs moved to preliminarily enjoin Defendants' Campus Expression Policy (Pls.' Mot. for Prelim. Inj. on Claims 4 and 5, May 19, 2021, ECF No. 12), Defendants revised the Haskell Code of Student Conduct, removing the Campus Expression Policy. Defs.' Mem. in Opp. to Pls.' Mot. for Prelim. Inj. on Claims 4 and 5, at 4 n.2, June 21, 2021, ECF No. 21. Defendants did not notify Plaintiffs or Plaintiffs' counsel of this revision, but uploaded the revised policy to Haskell's website a few days after it was final on May 24, 2021. *Id.* at 5.

In opposing Plaintiffs' motion, Defendants claim that this policy change moots not only Plaintiffs' request for a preliminary injunction, but also Claims 4 and 5. *Id.* Subsequently, Defendants have moved to dismiss Plaintiffs' First, Fourth, Fifth, Sixth, and Seventh Causes of Action, copying a substantial portion of their already-filed argument with respect to the alleged mootness of Claims 4 and 5.

2

Defs.' Mot. to Dismiss Pls.' First, Fourth, Fifth, Sixth, and Seventh Causes of Action, Aug. 6, 2021, ECF No. 34.

## II.   Defendants' Voluntary Cessation Does Not Moot Claims 4 and 5.

It is well-settled law that voluntary cessation of unconstitutional conduct does not render a claim moot. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). This is equally true when a public university voluntary rescinds an unconstitutional policy. *See Speech First v. Schlissel*, 939 F.3d 756, 768–70 (6th Cir. 2019); *DeJohn v. Temple Univ.*, 537 F.3d 301, 311 (3d Cir. 2008). Claims 4 and 5 of Plaintiffs' Complaint are not moot because they fall under the voluntary cessation exception to the mootness doctrine. Plaintiffs will fully brief this argument in their response to Defendants' Motion to Dismiss Plaintiffs' First, Fourth, Fifth, Sixth, and Seventh Causes of Action. However, insofar as the challenged Campus Expression Policy is not currently being enforced, Plaintiffs acknowledge that Defendants' voluntary cessation moots Plaintiffs' Motion for Preliminary Injunction.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully withdraw their Motion for Preliminary Injunction on Claims Four and Five and request that the Court cancel the hearing on that motion currently scheduled for 10:00 a.m. on September 16, 2021.

Dated: August 18, 2021

Respectfully submitted,

/s/ Stephen Douglas Bonney

STEPHEN DOUGLAS BONNEY
KS. Bar No. 12322
5542 Crestwood Drive
Kansas City, MO 64110
(816) 363–3675
sdbonney@outlook.com

DARPANA M. SHETH
NY Bar No. 4287918
KATLYN A. PATTON
PA Bar No. 328353; OH Bar No. 097911
Admitted *Pro Hac Vice*
FOUNDATION FOR INDIVIDUAL
  RIGHTS IN EDUCATION
510 Walnut Street, Suite 1250
Philadelphia, PA 19106
Tel: (215) 717-3473
Fax: (215) 717-3440
darpana.sheth@thefire.org
katlyn.patton@thefire.org

*Counsel for Plaintiffs Jared Nally and the Indian Leader Association*

## CERTIFICATE OF SERVICE

I, Stephen D. Bonney, hereby certify that on August 18, 2021, a copy of the foregoing Reply Withdrawing Plaintiffs' Motion for Preliminary Injunction on Claims 4 and 5 was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's electronic filing system.

/s/ Stephen Douglas Bonney
STEPHEN DOUGLAS BONNEY