THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JARED NALLY, ET AL., <br><br> *Plaintiffs,* <br><br> v. <br><br> TAMARAH PFEIFFER, ET AL., <br><br> *Defendants*. | CIVIL ACTION NO.: 21-2113 |

## CONSENT DECREE

A.  WHEREAS, Plaintiffs, Jared Nally and the Indian Leader Association, have filed a complaint in this action, asserting claims under the Administrative Procedure Act §§ 701–706, the Declaratory Judgment Act, and the Fifth Amendment against Defendants Tamarah Pfeiffer, in her official capacity as Acting President of Haskell Indian Nations University; Haskell Indian Nations University; and Tony L. Dearman, in his official capacity as Director of Bureau of Indian Education; and the Bureau of Indian Education (collectively, the "Federal Defendants"); and asserting a claim under the First Amendment against now-former Haskell Indian Nations University President Ronald J. Graham, in his individual capacity for money damages under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); and seeking attorneys' fees and costs under the Equal Access to Justice Act.

B.  WHEREAS, by entering into this Consent Decree, Federal Defendants do not

admit the allegations in the Complaint filed in this action or any liability arising from those allegations.

C. WHEREAS, with the exception of Plaintiffs' *Bivens* claim, the Plaintiffs and the Federal Defendants agree that settlement of this matter without further litigation is in the public interest and that the entry of this Consent Decree is the most appropriate means of resolving this action.

D. WHEREAS, the Plaintiffs and the Federal Defendants agree, and by entering this Consent Decree the Court finds, that this Consent Decree: (1) has been negotiated by the Plaintiffs and the Federal Defendants at arm's length, in good faith; (2) will avoid prolonged litigation among the Plaintiffs and the Federal Defendants; and (3) is fair, reasonable, and furthers the objectives of the Administrative Procedure Act §§ 701–706 and the Equal Access to Justice Act.

NOW, THEREFORE, without adjudication of any issue of fact or law, except as provided in Section I (Jurisdiction) below, and with the consent of the Plaintiffs and Federal Defendants,

IT IS ADJUDGED, ORDERED, and DECREED as follows:

## I. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and over the Plaintiffs and the Federal Defendants to this action for the purpose of entry and enforcement of this Consent Decree. Venue lies in the District of Kansas pursuant to 28 U.S.C. § 1391(b)(2) and 28 U.S.C.

§ 1391(e)(1). Solely for the purposes of this Consent Decree or any action to enforce this Consent Decree, the Federal Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. Federal Defendants shall not challenge this Court's jurisdiction to enter and enforce this Consent Decree.

## II.   PARTIES BOUND

2. The obligations of this Consent Decree apply to and are binding upon the Plaintiffs and Federal Defendants and each of their successors, assigns, or other entities or persons otherwise bound by law to comply with this Consent Decree. Federal Defendants shall not contest the right of any of the Plaintiffs or their successors to enforce the provisions of this Consent Decree.

## III.   GENERAL PROVISIONS

3. The mutual objectives of the Plaintiffs and Federal Defendants in entering into this Consent Decree are (i) to resolve all of the claims asserted by Plaintiffs in the first, second, fourth, fifth, sixth, and seventh causes of action of the Complaint; and (ii) to avoid potentially costly and time-consuming litigation. This Consent Decree is unique to the specific circumstances related to this action and is not precedent for any other Consent Decree.

4. The Effective Date of this Consent Decree shall be the date that the District Court enters the Consent Decree.

## IV. SPECIFIC PROVISIONS

### A. First Cause of Action

5. Plaintiffs' First Cause of Action alleges that by issuing the October 16, 2020, Directive and enforcing it for 90 days, the Federal Defendants unlawfully retaliated against Plaintiff Jared Nally for engaging in activities protected under the First Amendment. Plaintiffs bring this claim against the Federal Defendants in their official capacities under the Administrative Procedure Act §§ 701–706 and request injunctive and declaratory relief.

6. The Directive has since been rescinded. To settle the Plaintiffs' First Cause of Action, Federal Defendants agree that they will not promulgate a directive or other disciplinary measure similar to the October 16, 2020, Directive against Plaintiffs for their First Amendment-protected activity. Federal Defendants further agree that they, their agents, and their successors and assigns, will not engage in retaliation against Plaintiffs for First Amendment-protected activity.

### B. Second Cause of Action

7. The Indian Leader Association is an unincorporated student association funded directly through allocation of one third of Haskell's student activity fee funds.

8. A 1989 Settlement Agreement between Haskell Indian Nations University and the Indian Leader Association, which remains in effect, states that "no officer, agent, instructor, or employee of Haskell shall refuse to approve a Plan of

Operation for the Association, substantially similar to the attached Plan of Operation." Admin. R., ECF No. 29-2, USA000003–000004.

9. Plaintiffs' Second Cause of Action alleges that by targeting the Indian Leader Association with a policy that removed its chosen faculty adviser, withholding more than $10,000 in funds to which it is entitled, and refusing to grant official university recognition to the Indian Leader Association, Federal Defendants unlawfully retaliated against Plaintiff the Indian Leader Association for activities protected by the First Amendment. Specifically, Plaintiffs allege that the Federal Defendants retaliated against the Indian Leader Association for engaging in newsgathering and publishing that was critical of the university administration. Plaintiffs bring this claim against Federal Defendants in their official capacities under the Administrative Procedure Act §§ 701–706 and request declaratory and injunctive relief, including restoration of funds.

10. To settle Plaintiffs' Second Cause of Action, the Federal Defendants agree to approve the Indian Leader Association's Plan of Operations for the 2021-2022 academic year, attached as **Exhibit A**. Defendant Haskell Indian Nations University agrees to affirmatively provide to the Indian Leader Association monthly account statements, subject to the Indian Leader Association's submission of a completed signature card and signed Plan of Operations as required by Student Bank Policies and Procedures, which apply to all student organizations transacting business with the Student Bank. The monthly account statements will be provided as a matter of course; the Student Bank

will send the statement to an individual appointed by the Indian Leader Association and designated to the Student Bank each semester. The signature card provides the Student Bank with notice of the authorized signers for the student organization's account. The Indian Leader Association must also submit a Plan of Operations every two years, unless it makes changes to the Plan, in which case it must submit its Plan of Operations upon making any such changes. The Plan of Operations must be signed by the following individuals: University President, Chief of Finance, and Student Senate President.

11. Defendant Haskell Indian Nations University agrees to provide the Indian Leader Association with the number of students enrolled in each academic term, and the total amount of collected student activity fees annually, upon written request by the Indian Leader Association or its authorized representative to the Student Bank.

**C.  Third Cause of Action**

12. Plaintiff's Third Cause of Action alleges First Amendment retaliation under *Bivens* by Defendant former President Graham in his individual capacity, seeking money damages. The Court granted Defendant Graham's motion to dismiss Plaintiffs' Third Cause of Action on July 29, 2021, on grounds that damages for First Amendment retaliation are not available under *Bivens*. (Doc. 33). On November 5, 2021, the Supreme Court of the United States granted certiorari in *Egbert v. Boule*, Case No. 21-147, in which one of the questions

6

presented is whether a cause of action exists under *Bivens* for First Amendment retaliation claims, the exact issue upon which the Court dismissed the Third Cause of Action. Because of this development, the Third Cause of Action will not be settled at this time. Rather, Plaintiffs will file an Unopposed Rule 54(b) Motion for Final Judgment on their Third Cause of Action on or before February 7, 2022.

**D.  Fourth and Fifth Causes of Action**

13. Plaintiffs' Fourth and Fifth Causes of Action allege that the Haskell Indian Nations University Campus Expression Policy is unconstitutionally overbroad and vague because the policy requires all student expression to be "consistent" with Haskell's CIRCLE values of Communication, Integrity, Respect, Collaboration, Leadership, and Excellence. On May 19, 2020, Plaintiffs moved to preliminarily enjoin the Federal Defendants from enforcing the Campus Expression Policy. On May 20, 2020, the Federal Defendants amended the Haskell Code of Student Conduct and uploaded a new version of the Haskell Code of Student Conduct to Haskell's website that excised the challenged policy.

14. To settle Plaintiffs' Fourth and Fifth Causes of Action, the Federal Defendants agree that they, their agents, and their successors and assigns, will not reinstate the Campus Expression Policy or any substantially similar policy that restricts student expression to that which is consistent with the CIRCLE values.

7

**E.  Sixth Cause of Action**

15. Plaintiffs' Sixth Cause of Action alleges that Federal Defendants violated Plaintiff Nally's due process rights by subjecting him to the Directive, which was a disciplinary measure, without affording him the due process protections included in Haskell's Code of Conduct and those required by 25 C.F.R. § 42.8. Plaintiffs bring this claim against Federal Defendants in their official capacities under the Administrative Procedure Act §§ 701–706, requesting injunctive and declaratory relief.

16. To settle Plaintiffs' Sixth Cause of Action, the Federal Defendants agree that they will not promulgate a directive or issue any other discipline against Plaintiffs without following the procedures outlined in Part 42 of Title 25 of the Code of Federal Regulations and the Haskell Code of Conduct.

**F.  Seventh Cause of Action**

17. Plaintiffs' Seventh Cause of Action alleges that the Federal Defendants violated the aforementioned 1989 Settlement Agreement between Haskell Indian Nations University's predecessor in interest, Haskell Indian Nations Junior College, and the Indian Leader Association. The 1989 Settlement Agreement states, among other things, that Haskell shall not:

    a. Exercise oversight or editorial control over *The Indian Leader*;
    b. Refuse to approve a Plan of Operation for the Indian Leader Association that is substantially similar to the version incorporated into the 1989 Settlement Agreement; or

|     |     |
| --- | --- |
|     | c. Suspend publication of *The Indian Leader* on the grounds that a vacancy has arisen in the position of faculty adviser to the Association. |
| 18. | The 1989 Settlement Agreement also requires Haskell to provide the Indian Leader Association with a monthly bank account statement of the funds in the Association's account with the Haskell Student Bank. Plaintiffs bring their Seventh Cause of Action against the Federal Defendants in their official capacities under the Administrative Procedure Act §§ 701–706, seeking declaratory and injunctive relief, including specific performance of the 1989 Settlement Agreement. |
| 19. | To settle Plaintiffs' Seventh Cause of Action, the Federal Defendants agree to abide by the 1989 Settlement Agreement. Further, Defendant Haskell Indian Nations University agrees to provide the Indian Leader Association or its authorized representative with a monthly account statement as a matter of course, subject to the terms of Paragraph 10 above. Defendant Haskell Indian Nations University agrees to provide the Indian Leader Association with the number of students enrolled in each academic term, and the total amount of collected student activity fees annually, upon written request by the Indian Leader Association or its authorized representative to the Student Bank. |

## V.   PAYMENT OF ATTORNEYS' FEES

20. The Plaintiffs and Federal Defendants have entered into a Stipulation of Settlement and Release in this matter. That agreement includes terms regarding the payment of attorneys' fees.

## VI. RETENTION OF JURISDICTION AND DISPUTE RESOLUTION

21. The Court shall retain jurisdiction to modify and enforce the terms and conditions of this Consent Decree and to resolve disputes arising hereunder as may be necessary or appropriate for the construction or execution of this Consent Decree for eighteen (18) months after the Effective Date through the following dispute resolution procedures. Thereafter, any dispute arising under or relating to this Consent Decree shall be presented to the Court upon a motion to reopen the case and proposed motion for the requested relief, with opportunity of any opposing party to respond according to the briefing schedule under the Local Rules of the Court.

22. If Plaintiffs believe there has been substantial noncompliance with any material provision of this Consent Decree, the Plaintiffs and Federal Defendants agree to the following procedure to resolve any dispute arising under this Consent Decree. Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes between the Plaintiffs and Federal Defendants arising under or with respect to this Consent Decree.

    a. A claim of substantial noncompliance can be made on the ground that any of the Defendants failed to materially comply with their obligations under this Consent Decree.

    b. Plaintiffs will confer with the defendant in question over any claim of substantial noncompliance and the Plaintiffs and Federal Defendants will

attempt to resolve any such claim in good faith.

c. If the Plaintiffs and Federal Defendants are unable to resolve any claim of substantial noncompliance through this initial conference, Plaintiffs will submit a written Notice of Substantial Noncompliance to all Federal Defendants, specifying their basis for believing there has been substantial noncompliance.

d. Any of the Federal Defendants may respond, in writing, to any such Notice of Substantial Noncompliance within thirty (30) days.

e. Within fourteen (14) days after Federal Defendants' service of their written responses on Plaintiffs, the Plaintiffs and Federal Defendants will again meet and confer to attempt to resolve the dispute in good faith without seeking court intervention.

f. In the event the Plaintiffs and Federal Defendants are unable to resolve the dispute, any party may petition the Court to order specific performance of this Consent Decree.

## VII.   MODIFICATION

23. Any material modification of this Consent Decree shall be made only by written agreement of the Plaintiffs and Federal Defendants and shall take effect only upon approval by the Court. Any non-material modification of this Consent Decree shall be made by written agreement of the Plaintiffs and Federal Defendants, and shall not take effect until filed with the Court. Nothing in this Consent Decree shall be deemed to alter the Court's power to enforce,

supervise, or approve modifications to this Consent Decree.

24. The provisions of this Consent Decree are not severable. The Plaintiffs and Federal Defendants' consent is hereto conditioned upon the entry of the Consent Decree in its entirety without modification, addition, or deletion except as agreed to by the Plaintiffs and Federal Defendants.

## VIII. SIGNATORIES

25. The undersigned representatives of the Plaintiffs and Federal Defendants each certify that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document. This Consent Decree may be executed in multiple counterparts, each of which shall be deemed an original, but all of which, taken together, shall constitute one and the same instrument.

## IX. FINAL JUDGMENT

26. This Consent Decree constitutes the final, complete, and exclusive understanding among the Plaintiffs and Federal Defendants with respect to the settlement embodied in the Consent Decree. The Plaintiffs and Federal Defendants acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree, with the exception of the representations, agreements, and understandings in the Stipulation of Settlement and Release referred to above.

27. Upon approval and entry of this Consent Decree by the Court, this Consent

Decree shall constitute a final judgment between and among the Plaintiffs and Federal Defendants with respect to Plaintiffs' First, Second, Fourth, Fifth, Sixth, and Seventh Causes of Action. The Court finds that there is no reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 58.

SO ORDERED THIS 8th DAY OF FEBRUARY, 2022.

s/Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

Dated: February 7, 2022

| | |
|---|---|
| /s/ Stephen Douglas Bonney | /s/ Darpana M. Sheth |
| STEPHEN DOUGLAS BONNEY<br>KS. Bar No. 12322<br>5542 Crestwood Drive<br>Kansas City, MO 64110<br>(816) 363–3675<br>sdbonney@outlook.com | DARPANA M. SHETH<br>NY Bar No. 4287918<br>KATLYN A. PATTON<br>PA Bar No. 328353; OH Bar No. 097911<br>Admitted *Pro Hac Vice*<br>FOUNDATION FOR INDIVIDUAL<br>  RIGHTS IN EDUCATION<br>510 Walnut Street, Suite 1250<br>Philadelphia, PA 19106<br>Tel: (215) 717-3473<br>Fax: (215) 717-3440<br>darpana.sheth@thefire.org<br>katlyn.patton@thefire.org<br><br>*Counsel for Plaintiffs Jared Nally and the Indian Leader Association*<br><br>DUSTON J. SLINKARD<br>Acting United States Attorney<br>District of Kansas<br><br>/s/ Wendy A. Lynn<br>Wendy A. Lynn<br>Assistant United States Attorney<br>Ks. S. Ct. No. 23594<br>500 State Ave., Suite 360<br>Kansas City, KS 66101<br>Tele: (913) 551-6737<br>Fax: (913) 551-6541<br>Email: wendy.lynn@usdoj.gov<br><br>/s/ Christopher Allman<br>CHRISTOPHER ALLMAN<br>Assistant United States Attorney<br>Ks. S. Ct. No. 14225<br>500 State Avenue, Suite 360<br>Kansas City, Kansas 66101<br>Tele: (913) 551-6730 |

Fax: (913) 551-6541
Email: chris.allman@usdoj.gov

*Attorneys for the Federal Defendants*